## OHIO vs. PATTON.

No statement of facts, unsupported by evidence, should go to a jury.

INDICTMENT for extortion.

PLEA—Not guilty.

WRIGHT, for the state.

GOODENOW and REDICK, for defendant.

After the argument was closed, to the jury, on both sides,

REDICK asked the court to permit the defendant to make a statement to the jury.

PRESIDENT, to the defendant.—Is it a statement of facts, or an argument, you wish to make.

PATTON.—A statement of facts, may it please your honor.

PRESIDENT.—It cannot be permitted. This is not a request that the defendant may be allowed to comment on the evidence given, but that he may be allowed to make statements to the jury of matters not given in evidence. Statements made by the defendant, on oath, would not be receivable evidence in any stage of this trial. He cannot be a witness for himself: *a fortiori*, then, parole statements, or allegations not on oath, cannot be evidence. The jury are to decide this issue on the evidence given to them. It is the duty of the court to see that such evidence is competent and proper. The jury are not to be asked to found their verdict upon a tale told by a party to the suit: this would be to ask them to disregard the oaths they have taken.—Refused.